# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| TRAVIS MCENTYRE, CAROLYN MCENTYRE<br><br>v.<br><br>STATE FARM LLOYDS, INC. | §<br>§<br>§ Civil Action No. 4:15-CV-00213<br>§ Judge Mazzant<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion for Summary Judgment (Dkt. #15). After reviewing the relevant pleadings, the Court finds that Defendant's motion should be granted.

## BACKGROUND

On or about February 25, 2013, Plaintiffs' property, including their roof and fencing, sustained damages after a wind and hail storm (Dkt. #1, Exhibit A at p. 3). Plaintiffs filed a claim for damage to the property under their insurance policy ("policy") with Defendant State Farm Lloyds, Inc. ("Defendant" or "State Farm") on or about March 15, 2013 (Dkt. #1, Exhibit A at p. 3; Dkt. #15, Exhibit B at p. 2). A State Farm adjuster inspected the property on March 19, 2013 (Dkt. #1, Exhibit 1 at p. 3). That same day, a State Farm Claim Representative sent Plaintiffs a letter stating that State Farm would not issue a payment for their claim because "no evidence of wind or hail damage was noted during the inspection." (Dkt. #15, Exhibit B–1 at p. 2). On October 24, 2013, Plaintiffs sent State Farm a letter of representation and request for information regarding the inspection (Dkt. #15, Exhibit B–2). State Farm responded on November 1, 2013, and asked to reinspect Plaintiffs' property (Dkt. #15, Exhibit B–3). State Farm reinspected the property on February 27, 2014 (Dkt. #15, Exhibit B at p. 3). On March 21,

2014, State Farm issued a payment for the claim in the amount of $5,065.80 (Dkt. #15, Exhibit B–4 at p. 2).

On January 26, 2015, Plaintiffs sent State Farm a letter invoking the appraisal provision of their policy and designated Gary A. Wiener ("Wiener") as appraiser (Dkt. #15, Exhibit B–5). On February 13, 2015, State Farm agreed to participate in an appraisal and appointed Bret Barnett ("Barnett") as appraiser (Dkt. #15, Exhibit B–6). The policy provides the following regarding appraisal:

> 4. Appraisal. If you and we fail to agree on the amount of loss, either one can demand that the amount of loss be set by appraisal. If either makes a written demand for appraisal, each shall select a competent, disinterested appraiser. Each shall notify the other of the appraiser's identity within 20 days of receipt of the written demand. The two appraisers shall then select a competent, impartial umpire. If the two appraisers are unable to agree upon an umpire within 15 days, you or we can ask a judge of a court of record in the state where the residence premises are located to select an umpire. The appraisers shall then set the amount of the loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon shall be the amount of the loss. If the appraisers fail to agree within a reasonable time, they shall submit their differences to the umpire. Written agreement signed by any two of these three shall set the amount of loss. Each appraiser shall be paid by the party selecting that appraiser. Other expenses of the appraisal and the compensation of the umpire shall be paid equally by you and us.

(Dkt. #15, Exhibit A at p. 24). The policy further provides:

> 8. Loss Payment . . . If we notify you that we will pay your claim, or part of your claim, we must pay within 5 business days after we notify you. If payment of your claim or part of your claim requires the performance of an act by you, we must pay within 5 business days after the date you perform the act.

(Dkt. #15, Exhibit A at p. 25).

On February 24, 2015, Plaintiffs filed their Original Petition in the 380th District Court for Collin County, Texas (Dkt. #1, Exhibit A). Plaintiffs asserted the following claims: (1) breach of contract; (2) Texas Deceptive Trade Practices Act (DTPA) violations; (3) Texas Insurance Code Section 541 et. seq. violations; (4) Texas Insurance Code Section 542 violations;

2

(5) good faith and fair dealing violations; and (6) fraud (Dkt. #1, Exhibit A at pp. 7–12). Plaintiffs also asserted the defenses of ambiguity, waiver, and estoppel (Dkt. #1, Exhibit A at pp. 12–15). The case was removed to the Court on March 25, 2015. On May 18, 2015, the Court granted State Farm's Motion to Abate Pending Completion of Appraisal (Dkt. #10).

On October 7, 2015, appraisers Barnett and Wiener signed and issued an appraisal award and estimate setting the amount of loss at $14,841.93, on a replacement cost basis, and $10,730.06 on an actual cash value basis (Dkt. #15, Exhibit B–7 at pp. 3–4). State Farm received the signed itemized appraisal award that same day (Dkt. #15, Exhibit B–8 at p. 2). On October 15, 2015, State Farm sent Plaintiffs a letter acknowledging receipt of the appraisal award (Dkt. #15, Exhibit B–8 at p. 2). The letter states that State Farm enclosed a payment in the amount of $4,326.26 – the value of the appraisal award replacement cost, less depreciation, deductible, and prior payments (Dkt. #15, Exhibit B–8 at p. 2). The award was not enclosed in the correspondence (Dkt. #15, Exhibit B at p. 3). State Farm contends that the payment was inadvertently not included in the October 15, 2015 letter (Dkt. #15, Exhibit B at p. 3). Plaintiffs received a check in the amount of $4,326.26 via overnight mail on October 29, 2015 (Dkt. #19, Exhibit 13 at p. 5).

On February 3, 2016, State Farm filed a Notice of Completion of Appraisal Process (Dkt. #13). State Farm filed a Motion for Summary Judgment on March 7, 2016 (Dkt. #15). Plaintiffs filed a response in opposition to the Motion for Summary Judgment on March 28, 2016 (Dkt. #19). State Farm filed a reply on April 7, 2016 (Dkt. #21) and filed a supplemental brief on August 15, 2016 (Dkt. #28).

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits "[show] that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which facts are material. *Anderson*, 477 U.S. at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248-49). The nonmovant must adduce affirmative evidence. *Anderson*, 477 U.S. at 257. No "mere denial of material facts nor . . .

unsworn allegations [nor] arguments and assertions in briefs or legal memoranda" will suffice to carry this burden. *Moayedi v. Compaq Comput. Corp.*, 98 F. App'x 335, 338 (5th Cir. 2004). Rather, the Court requires "significant probative evidence" from the nonmovant in order to dismiss a request for summary judgment supported appropriately by the movant. *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001). The Court must consider all of the evidence, but must refrain from making any credibility determinations or weighing the evidence. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

State Farm moves for summary judgment on Plaintiffs' breach of contract and extra-contractual claims (Dkt. #15).

<u>Breach of Contract</u>

State Farm asserts that the Court should grant summary judgment as to Plaintiffs' breach of contract claim because State Farm's payment of the appraisal award bars Plaintiff from maintaining the claim (Dkt. #15 at p. 9). In their Original Petition, Plaintiffs asserted the defense of ambiguity (Dkt. #1, Exhibit A at p. 12). Plaintiffs further contend that there is an issue of fact regarding whether State Farm timely paid the appraisal award and whether State Farm initially denied a valid claim (Dkt. #19 at pp. 6–10).

Under Texas law, insurance policies are construed under the usual principles of contract law. *United Neurology, P.A. v. Hartford Lloyd's Ins. Co.*, 101 F. Supp. 3d 584, 591 (S.D. Tex.), *aff'd*, 624 F. App'x 225 (5th Cir. 2015) (citing *Am. States Ins. Co. v. Bailey*, 133 F.3d 363, 369 (5th Cir. 1998)). Therefore, "[t]he court's primary role is to give effect to the written expression of the parties' intent." *Id.* (citing *Balandran v. Safeco Ins. Co. of Am.*, 972 S.W.2d 738, 741 (Tex. 1998)). "In defining the scope of coverage, the court examines the entire policy to

determine the true intent of the parties." *Id.* (citing *Utica Nat'l Ins. Co. of Tex. v. Am. Indem. Co.*, 141 S.W.3d 198, 202 (Tex. 2004)). The court must read the policy as a whole and give effect to each of its contractual provisions, so that none are rendered meaningless. *Id.* (citing *Am. Mfrs. Mut. Ins. Co. v. Schaefer*, 124 S.W.3d 154, 157 (Tex. 2003)). When a contract is clear and unambiguous, the court enforces it as written. *Id.* (citing *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. CBI Indus., Inc.*, 907 S.W.2d 517, 520 (Tex. 1995)). A party "seeking to establish ambiguity in a written contract must specifically plead such ambiguity, by setting out that portion of the contract claimed to be ambiguous, and then definitely pleading the correct meaning or construction thereof as relied on by the party so claiming." *Gulf & Basco Co. v. Buchanan*, 707 S.W.2d 655, 656 (Tex. App. 1986).

"Under Texas law, to prevail on a breach of contract claim, the plaintiff must prove (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained as a result of the breach." *United Neurology, P.A.*, 101 F. Supp. 3d at 593 (citing *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (citing *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.—Houston [14th Dist.] 2005, pet. denied))); *Quibodeaux v. Nautilus Ins. Co.*, No. 1:10-CV-739, 2015 WL 1406375, at *4 (E.D. Tex. Mar. 25, 2015). "To recover under an insurance policy, a plaintiff must allege facts showing that the alleged damages are covered by his insurance policy." *United Neurology, P.A.*, 101 F. Supp. 3d at 593 (citations omitted).

An appraisal clause in an insurance policy "binds the parties to have the extent or amount of the loss determined in a particular way." *Quibodeaux*, 2015 WL 1406375, at *4 (quoting *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 895 (Tex. 2009) (quoting *In re Allstate Cty. Mut. Ins. Co.*, 85 S.W.3d 193, 195 (Tex. 2002))). "The effect of an appraisal provision is to estop one

party from contesting the issue of damages in a suit on the insurance contract, leaving only the question of liability for the court." *Id.* "Though the line between the two is not always clear, the scope of appraisal is limited to questions of damages, not liability." *Id.* (citing *Johnson*, 290 S.W.3d at 889-90).

"To estop a breach of insurance claim a defendant must show '(1) the existence and enforceability of an appraisal award; (2) the timely payment of the award [by the insurer]; and (3) the acceptance of the appraisal award.'" *United Neurology, P.A.*, 101 F. Supp. 3d at 598 (quoting *Gabriel v. Allstate Tex. Lloyds*, No. 7:13-CV-181, 2013 WL 7885700, at *3 (S.D. Tex. Nov. 1, 2013) (citing *Blum's Furniture Co., Inc. v. Certain Underwriters at Lloyds London*, 459 F. App'x 366, 368 (5th Cir. 2012))); *Breshears v. State Farm Lloyds*, 155 S.W.3d 340, 344 (Tex. App.—Corpus Christi 2004, pet. denied) (insurer met every requirement of the insurance contract where it participated in the appraisal process and paid the appraisal amount set by the appraisers and umpire; because the insurer "complied with every requirement of the contract, it cannot be found to be in breach."); *see Quibodeaux*, 2015 WL 1406375, at *4. "[W]here the parties disagree on the amount of loss and submit to the contractual appraisal process to resolve the dispute, and the insurer pays all covered damages determined by the award, the insured may not then argue that the initial failure to pay those damages equates to a breach of the contract." *Scalise v. Allstate Tex. Lloyds*, No. 7:13-CV-178, 2013 WL 6835248, at *5 (S.D. Tex. Dec. 20, 2013); *see Quibodeaux*, 2015 WL 1406375, at *4.

"The reason for the estoppel defense is to prevent the insured from taking advantage of the binding appraisal process to determine the value of its claim and then, after the insurer fully pays the appraisal award, suing the insurer for its initial failure to pay." *Quibodeaux*, 2015 WL 1406375, at *5 (citing *Devonshire Real Estate & Asset Mgmt., LP v. Am. Ins. Co.*, No. 3:12-CV-

2199-B, 2014 WL 4796967, at *15 (N.D. Tex. Sept. 26, 2014) (citing *Breshears*, 155 S.W.3d at 343)). "The defense applies with special force when the contract the insured claims is being breached provides for resolution of disputes through appraisal." *Id.*

Plaintiff's insurance policy set out the appraisal procedure invoked in the present action (Dkt. #15, Exhibit A at p. 24). The standard policy language states as follows:

> 4. Appraisal. If you and we fail to agree on the amount of loss, either one can demand that the amount of loss be set by appraisal. If either makes a written demand for appraisal, each shall select a competent, disinterested appraiser. Each shall notify the other of the appraiser's identity within 20 days of receipt of the written demand. The two appraisers shall then select a competent, impartial umpire. If the two appraisers are unable to agree upon an umpire within 15 days, you or we can ask a judge of a court of record in the state where the residence premises are located to select an umpire. The appraisers shall then set the amount of the loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon shall be the amount of the loss. If the appraisers fail to agree within a reasonable time, they shall submit their differences to the umpire. Written agreement signed by any two of these three shall set the amount of loss. Each appraiser shall be paid by the party selecting that appraiser. Other expenses of the appraisal and the compensation of the umpire shall be paid equally by you and us.

(Dkt. #15, Exhibit A at p. 24). This standard language is not ambiguous. *See Studer v. Lloyds*, No. 4:13-CV-413, 2016 WL 4063782, at *7 (E.D. Tex. July 29, 2016). Further, Plaintiffs did not "specifically plead . . . ambiguity, by setting out [the] portion of the contract claimed to be ambiguous, and then definitely pleading the correct meaning or construction thereof." *Gulf & Basco Co. v. Buchanan*, 707 S.W.2d 655, 656 (Tex. App. 1986).

Additionally, there is evidence that State Farm timely paid Plaintiffs the appraisal award. The policy requires State Farm to pay a claim within five (5) business days of notifying Plaintiffs that it will pay the claim (Dkt. #15, Exhibit A at p. 25). On October 7, 2015, State Farm received the signed itemized appraisal award from Barnett (Dkt. #15, Exhibit B–8 at p. 2). On October 15, 2015, State Farm notified Plaintiffs that it received the appraisal award and stated that it

enclosed the $4,326.26 appraisal award payment (Dkt. #15, Exhibit B–8 at p. 2). State Farm thus timely tendered payment on the same day it notified Plaintiffs that it would pay the appraisal award (Dkt. #15, Exhibit B–8 at p. 2). Although State Farm inadvertently did not include the payment in the October 15, 2015 letter, it sent Plaintiffs a check in the amount of $4,326.26 via overnight mail on October 29, 2015 (Dkt. #19, Exhibit 13 at p. 5; Dkt. #15, Exhibit B at p. 3). This clerical error does not create a fact issue as to whether State Farm timely tendered the appraisal award. *See Waterhill Cos. Ltd. v. Great Am. Assur. Co.*, No. CIV.A. H-05-4080, 2006 WL 696577, at *2 n.12 (S.D. Tex. Mar. 16, 2006) (holding that an insurance company timely tendered an appraisal award even though it initially included the wrong lender on the draft check and had to reissue payment several weeks later).

Plaintiffs further contend that the appraisal process does not bar their allegations that State Farm unreasonably investigated and denied their initial claim (Dkt. #19 at pp. 7–10). Plaintiffs argue that the fact that State Farm issued a payment after reinspecting the property is evidence that the initial inspection was improper (Dkt. #19 at p. 8). Plaintiffs rely on *Church on the Rock N. v. Church Mut. Ins., Co.* to argue that claims relating to the initial inspections are pre-appraisal matters not estopped by the appraisal process. No. 3:10-CV-0975-L, 2013 WL 497879, at *12 (N.D. Tex. Feb. 11, 2013). However, the court in *Church on the Rock* held that claims relating to *undisputed* pre-appraisal matters that were paid and resolved before the appraisal process was invoked were not barred by the appraisal award. *Id.* at *12-3 (emphasis added). Here, Plaintiffs' entire claim was disputed and subject to appraisal. Having submitted their claim to the contractual appraisal process, Plaintiffs may not argue that State Farm's initial failure to pay damages equates to a breach of contract. *Studer v. Lloyds*, No. 4:13-CV-413, 2016 WL 4063782, at *7 (E.D. Tex. July 29, 2016); *Scalise*, 2013 WL 6835248, at *5; *Quibodeaux*,

2015 WL 1406375, at *4; *Dizdar v. State Farm Lloyds*, No. 7:14-CV-402, 2016 WL 427501, at *5 (S.D. Tex. Feb. 4, 2016) (holding that plaintiffs' argument that State Farm breached the contract by wrongfully denying coverage was unpersuasive because "simply put . . . plaintiffs describe the breach of contract claim as based on defendants' initial assessment not matching the appraisal award"); *Graber v. State Farm Lloyds*, No. 3:13-CV-2671-B, 2015 WL 3755030, at *4 (N.D. Tex. June 15, 2015) (holding that allegations that State Farm failed to reasonably investigate a claim were barred by appraisal because plaintiff "failed to point to any provision of the subject policy that was breached by State Farm's purportedly unreasonable investigation or point to any evidence other than the appraisal award to support his claim. ").

<u>Extra-Contractual Claims</u>

State Farm also asserts that the Court should grant summary judgment as to Plaintiffs' extra-contractual claims (*See* Dkt. #15).

"Under Texas law, timely payment of an appraisal award under the policy precludes an award of statutory penalties under the Texas Insurance Code §§ 541 and 542 as a matter of law." *United Neurology, P.A.*, 101 F. Supp. 3d at 598 (citing *Breshears*, 155 S.W.3d at 344; *Amine v. Liberty Lloyds of Tex., Inc.*, 2007 WL 2264477, at *4-6 (Tex. App.—Houston [1st. Dist.] Aug. 9, 2007, no pet.); *Blum's Furniture Co. v. Certain Underwriters at Lloyds London*, No. Civ. A. H-09-3479, 2011 WL 819491, at *3 (S.D. Tex. Mar. 2, 2011), *aff'd*, 459 F. App'x 366 (5th Cir. 2012); *Waterhill Cos. Ltd. v. Great Am. Assurance Co.*, Civ. A. No. 05-4080, 2006 WL 696577, at *2 (S.D. Tex. Mar. 16, 2006) (once appraisal is invoked, a delay in payment pursuant to the appraisal process does not constitute a violation of the Texas Insurance Code); *see also Church on the Rock N. v. Church Mut. Ins. Co.*, No. 3:10-CV-0975-L, 2013 WL 497879, at *6 (N.D. Tex. Feb. 11, 2013); *Scalise*, 2013 WL 6835248, at *5. As the Deceptive Trade Practices Act

("DTPA") claims are analyzed under the same standard, the Court finds that those claims are estopped, as well. *See Scalise*, 2013 6835248, at *8. Because Plaintiffs' breach of contract claim fails, their extra-contractual claims for fraud, bad faith violations under the DTPA and the Texas Insurance Code also fail.

Furthermore, no genuine issue of material facts exists on Plaintiffs' prompt payment of claims violation under Chapter 542, as the evidence shows that the appraisal provision of the insurance policy was invoked, and State Farm timely paid the appraisal award (Dkt. #15, Exhibit B; Dkt. #15, Exhibit B–8). *Quibodeaux*, 2015 WL 1406375, at *9; *see Medistar Twelve Oaks Partners, Ltd. v. Am. Economy Ins. Co.*, No. H. 09-3828, 2011 WL 3236991, at *9 (S.D. Tex. July 27, 2011) (citing *Breshears*, 155 S.W.3d at 344-45). "Texas courts considering the [prompt payment] issue have concluded that full and timely payment of an appraisal award under the policy precludes an award of penalties under the [Texas] Insurance Code's prompt payment provisions as a matter of law." *In re Slavonic Mut. Fire Ins. Ass'n*, 308 S.W.3d 556, 563 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding); *see Amine*, 2007 WL 2264477, at *4 (Tex. App.—Houston [1st Dist.] Aug. 9, 2007, no pet.) (mem. op.); *DeLaGarza v. State Farm Mut. Auto. Ins. Co.*, 175 S.W.3d 29, 32-33 (Tex. App.—Dallas 2005, pet. denied); *Breshears*, 155 S.W.3d at 344-45. Therefore, Defendant's motion for summary judgment is granted.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion for Summary Judgment (Dkt. #15) is hereby **GRANTED** and Plaintiffs' case is dismissed with prejudice.

**SIGNED this 17th day of October, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE